

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2004

# Hazen v. Modern Food Ser Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hazen v. Modern Food Ser Inc" (2004). *2004 Decisions*. Paper 225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-4014

DONNA HAZEN,
Appellant

v.

MODERN FOOD SERVICES, INC., t/a Smuggler's Cove,
RONALD SARAJIAN, Individually and as President of Modern Food Services,
Inc., t/a Smuggler's Cove, and MISTY GERRITY, Individually and as a supervisor
of Modern Food Services, Inc., t/a Smuggler's Cove

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-00090)
District Judge: Hon. James M. Munley

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2004

Before: McKEE, Circuit Judges,
ALDISERT and GREENBERG, Senior Circuit Judges.

(Filed: October 15, 2004)

OPINION

McKEE, Circuit Judge

Donna Hazen appeals the district court's grant of summary judgment in favor of

defendants, denying relief on her claim of retaliation for complaints regarding sexual

discrimination. We will affirm.

# I.

Inasmuch as we are writing only for the parties, we need not repeat the factual or procedural background of this litigation except insofar as may be helpful to our brief discussion.[1]

To establish a prima facie case of retaliation, Hazen must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the protected activity and her employer's adverse action. Abramson v. William Patterson College of New Jersey, 260 F.3d 265, 284 (3d Cir. 2001); Krouse v. American Sterilizer Co., 126 F.3d 494, 499 (3d Cir. 1997); Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997).

Once an employee establishes a prima facie case of retaliation, the employer must present a legitimate, non-retaliatory reason for its adverse employment action. Woodson, 109 F.3d at 920 n.2. This burden is "relatively light," and is satisfied if the employer articulates any legitimate reason for the adverse employment action. The employer need not prove that the articulated reason actually motivated the adverse employment action. Id.

If the employer tenders a legitimate reason for the employment action the

---

[1]Our review of the district court's grant of summary judgment is plenary. Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). Accordingly, we are required to apply the same test that the district court should have utilized. Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).

employee must then convince the factfinder both that the employer's proffered explanation is false, and that the employer's action was actually motivated by a retaliatory animus. Woodson, 109 F.3d at 920 n.2.

In order to prevail on summary judgment, the employer must show that the trier of fact could not conclude, as a matter of law, that retaliatory animus had a determinative effect on the outcome. This may be accomplished by establishing the plaintiff's inability to raise a genuine issue of material fact as to any element of the plaintiff's prima facie case, or the credibility of any proffered explanation for the employment action. Krouse, 126 F.3d at 501.

## II.

We agree with the district court's conclusion that Hazen's conversation with Torley regarding Sarajian's alleged statement about the circumstances of Hazen's transfer could be construed as a complaint under Title VII. We have previously held that informal complaints of discrimination that were directed at co-workers rather than management constitute protected activity for purposes of establishing a prima facie case of retaliation. Neiderlander v. American Video Glass Co, 80 Fed. Appx. 256, 259 (3d Cir. 2003). Title VII protects employees from retaliation for the employee's opposition to any unlawful employment practice. Id.

Here, however, the district court concluded that Hazen failed to satisfy the second requirement of her prima facie case because the record did not establish that her transfer

3

from the bar to the dining area constituted a demotion. We agree. It is undisputed that the rate of pay for both areas was $2.83 per hour plus tips, and the job responsibilities were the same. Accordingly, Hazen's claim of retaliation fails as a matter of law.

### III.

Hazen's claim that summary judgment is foreclosed by the law of the case doctrine is frivolous. Under that doctrine, "once an issue has been decided, parties may not relitigate that issue in the same case." Ogbudimkpa v. Ashcroft, 342 F.3d 207 n.7 (3d Cir. 2003)(citing Waldorf v. Shuta, 142 F.3d 601, 616 n.4 (3d Cir. 1998). The defendants' motion for judgment on the pleadings and their motion for summary judgment obviously raised very different issues and required distinct inquiries. In deciding the motion for judgment on the pleadings, the district court determines from the pleadings "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, when deciding a motion for summary judgment, the district court reviews all discovery and determines whether a genuine issue of material fact exists. Farrell, 205 F.3d at 278. The standard used to decide these two very different motions is obviously not the same. In deciding a motion to dismiss on the pleadings, the court presumes that the plaintiff will be able to prove the allegations set forth in the pleadings, and then determines if those allegations establish a cause of action. Summary judgment involves no such presumption.

4

Hazen failed to establish a prima facie case even though her pleading does state a cause of action on its face. Therefore, the law of the case doctrine simply did not apply to the district court's summary judgment analysis.

**IV**.

Based on the foregoing analysis, we will affirm the decision of the district court.